IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
March 26, 2013 Session

## HOLLY D. BUTLER v. TIMOTHY K. VINSANT

**Direct Appeal from the Juvenile Court for Robertson County**
**No. 1035022        Melanie Earl Stark, Magistrate**

_____

**No. M2012-01553-COA-R3-JV**

_____

**PARTIAL DISSENT** Filed April 15, 2013

_____

HOLLY M. KIRBY, JUDGE, dissenting in part:

I must respectfully dissent in part from the majority opinion in this case. I agree with the majority's holding on whether Father presented a meritorious defense in support of his Rule 60.02 motion to set aside the default judgment. However, I must disagree with the majority's affirmance of the trial court' s finding that Father's failure to respond or appear in the default proceedings was willful, and its affirmance of the trial court's denial of Father's Rule 60.02 motion to set aside.

In its order denying Father's Rule 60.02 motion, the trial court based its holding of willfulness on a finding the Father "was at all times aware of the pending litigation" and "had reason to know that the pending litigation concerned issues of child support visitation and custody." After reviewing the correspondence between Father and his former attorney Jack West, the trial court found that it had an "unmistakable sense of urgency" and that Mr. West "repeatedly urged [Father] to take action immediately" because Mr. West was not going to be able to represent Father. The trial court found that Father did not heed Mr. West's entreaties, but instead "did nothing" in order to frustrate and delay the legal proceedings.

Notably, the trial court made no finding that Father was aware that Mother had filed an amended petition or that Mother had filed a motion for default judgment. Whatever tone of urgency there may have been in Mr. West's correspondence, none of it included the essential information, namely, that Mother had filed an amended petition and a motion for default, both of which demanded a response from Father. Thus, while Father was generally aware of the pending litigation, he was not aware that Mother had filed anything that required him to respond.

The timeline of the dates noted in the majority opinion indicates that the real cause of Father's failure to respond to the default motion was the inexplicable inaction of the attorney who represented him. Mr. West knew of the default proceedings and, for reasons known only to Mr. West, chose not to inform Father about them. The attorney Father consulted well before the final default hearing apparently interacted with Mr. West and received some retainer monies on Father's behalf, but Mr. West did not tell her anything about that was going on in Father's case and the new attorney did not ask.

From the majority opinion, the sequence of events regarding Father's willful failure to appear is as follows:

June 21, 2011 - Mr. West acknowledges that Father has agreed to retain new counsel.

July 18, 2011 - Mother files her Amended Petition.

August 12, 2011 - West asks Father to tell him who his new lawyer is, so the trial court can be informed. No indication that Father knew Mother had filed an amended petition.

August 17, 2011 - Father's answer to Mother's amended petition due. Mr. West is presumably aware, but no indication that Father is aware. No responsive pleading filed.

Sept 19, 2011 - Mother files her motion for default. Trial court sets default hearing for November 16, 2011. Mr. West was notified. No indication that Father is aware of any of this.

Sept 27, 2011 - Father tells Mr. West that he has an appointment with new counsel next week. Still no indication that Father is aware of Mother's amended petition, her motion for default, or the scheduled default hearing.

Oct. 5, 2011 - Father consulted with a new attorney, who apparently interacted with Mr. West but was not told and did not ascertain what was going on in Father's case.

Nov 2, 2011 - Father asks Mr. West to send his file to his new attorney. Still no indication that Father was aware of Mother's amended petition, her motion for default, or the scheduled hearing on default.

Nov 16, 2011 - Hearing held on Mother's motion for default judgment. Father does not appear, nor does an attorney appear on his behalf. Still no indication that Father is aware of Mother's amended petition or the default proceedings.

Dec 7, 2011 - Trial court enters final order on default; sent to Mr. West. No indication that Mr. West did anything after receiving the final order. No indication that Father is aware of any of this.

Dec 2011-Feb 2012 - No indication that Mr. West did anything to either get his file to the attorney Father consulted or to notify either Father or the attorney that Mr. West had steadily been receiving pleadings on Father's behalf.

Feb 24, 2012 - Father's employer receives income withholding notice from State.

March 12, 2012 - Father's new attorney files Rule 60.02 motion to vacate.

From this sequence of events, it looks as though Father took from June 21, 2011 to October 2011 to consult an attorney, arrange for retainer monies to be sent to her, and ask Mr. West to get his file to the new attorney, a period of about four months. This was done in advance of the scheduled default hearing, of which Father was not aware. Thus the real blame for Father's failure to appear must be laid at the feet of his attorney, Mr. West. Mr. West apparently made little or no effort to notify either Father or the attorney Father sought to hire about the amended petition or the default proceedings.

The trial court's order denying Father's Rule 60.02 motion to set aside the default makes it clear that the trial court viewed Father as a "deadbeat dad" whose failure to respond to the default proceedings was simply part of his plan to avoid paying child support. I offer no opinion on whether Father is indeed a deadbeat. Respectfully, however, the trial court's finding on Father's motive for not responding to the default motion is not borne out by the record. One cannot ascribe this motive to Father in the absence of a finding that he was at least aware that Mother had filed something that required a response from him. Even a deadbeat can rightfully assume that his attorney will at least tell him what has been filed in his case.

On this basis, I respectfully dissent from the majority's affirmance of the trial court's finding on willfulness, and its affirmance of the trial court's denial of Father's Rule 60.02 motion to set aside the default judgment. In all other respects, I concur.

_____

HOLLY M. KIRBY, JUDGE